**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DAVID CARUCCI,**

                                **Plaintiff,**                  06-CV-0862A(Sr)

**v.**

**ARGONAUT INSURANCE COMPANY,**

                                **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.[1] Dkt. #30. Presently pending before the Court is defendant Argonaut Insurance Company's cross-motion for summary judgment.[2] Dkt. #13. For the following reasons, it is recommended that defendant Argonaut Insurance Company's motion for summary judgment be granted. Although plaintiff's motion for leave to file an amended complaint is not the subject of this Report and Recommendation, because it is inextricably intertwined with the issues presented in

---

[1] Although the procedural history of this case will be discussed in greater detail below, this Court notes that this case was originally assigned to Senior United States District Judge John T. Elfvin and was subsequently re-assigned to Chief United States District Judge Richard J. Arcara on October 17, 2007.

[2] Also pending is plaintiff's motion for leave to file an amended complaint. Dkt. #10. As noted above, by reason of Chief Judge Arcara's referral order, this Court has the authority to issue a Decision and Order with respect to defendant's motion for leave to file an amended complaint. A Decision and Order with respect to that motion will be issued following the final disposition of the instant motion for summary judgment.

Argonaut Insurance Company's motion for summary judgment, it will be discussed below.

**PROCEDURAL AND FACTUAL BACKGROUND**

**Anastasia v. City of Olean and David Carucci ("The Underlying Action")**

On May 30, 2006, David Anastasia ("Anastasia") commenced an action in New York State Supreme Court, Cattaraugus County, against the City of Olean and the Mayor of the City of Olean, plaintiff in the instant action, David Carucci (hereinafter referred to as the "Underlying Action"). Dkt. #13-2, ¶ 1; *see also*, Dkt. #13-6. In the Underlying Action, Anastasia alleges that he was ultimately fired from his employment as the Deputy City Clerk and Acting City Clerk in retaliation for his failure to politically support Carucci during his mayoral campaign. Dkt. #13-2, ¶ 2. The allegations against Carucci in the Underlying Action are both in his individual capacity and his official capacity as the Mayor of the City of Olean. *Id*. at ¶ 1. Anastasia further alleged in the Underlying Action that the City of Olean is liable pursuant to Title 42, United States Code, Section 1983 for having a policy of permitting the alleged Constitutional violations to occur. *Id*. at ¶ 2. The Underlying Action seeks, *inter alia*, compensatory damages against the defendants in the amount of $250,000 for each of the three causes of action and punitive damages against each defendant in the amount of $50,000. Dkt. #13-6, p.8.

Defendant in the instant action, Argonaut Insurance Company ("Argonaut"), is the Public Officials' Liability Policy carrier for the City of Olean and coverage was sought from Argonaut with respect to the Underlying Action. Dkt. #13-7. By letter dated June 21, 2006, Trident Insurance Brokerage ("Trident"), as the authorized claims representative of Argonaut, advised the City of Olean that:

> [p]lease be advised that we have reviewed all materials submitted, and have determined that coverage may not apply to the above referenced lawsuit, in its entirety, under your Public Official's [sic] Liability Policy. Specifically, the above referenced lawsuit requests relief and damages that may not be covered under the Insuring Agreement, may be specifically excluded by your policy, or may not fall within the definition of damages as defined by your policy.
>
> * * *
>
> ***This letter is written to notify you that our company is reserving all of its rights and defenses; not only such rights and defenses that may now exist; but in addition, all rights and defenses our company may hereafter have under all the terms, conditions, provisions and exclusions of policy number PO-4610630-01, irrespective of whether or not they have been specifically referred to in this letter.***
>
> ***It is to be to be further understood that any action heretofore taken by our company, its agents representatives or attorneys in investigating the occurrence involved, in defending any lawsuit filed in connection with this matter, or in participating in any settlement discussions or negotiations, does not constitute and is not intended as a waiver of any rights or defenses available to our company, and shall not estop our company from asserting, at a later date, any rights or policy defenses that may be available now or at that time. All rights and defenses are hereby expressly reserved.***

> ***We have retained, Arthur Herdzik, Esq. of Chelus,
> Herdzik, Speyer Monte & Pajak, to represent the City in
> this matter …***

Dkt. #13-7 (emphasis in original). On June 28, 2006, Attorney Herdzik served an answer to the complaint in the Underlying Action denying all the allegations against both defendants. Dkt. #13, ¶ 6; Dkt. #13-8.

Thereafter, on July 12, 2006, Olean City Attorney and "personal counsel to Mayor David Carucci," Daniel DeRose informed Argonaut, through its authorized claims representative, that Carucci was requesting independent counsel of his own choosing at the expense of Argonaut based on an alleged conflict of interest between Attorney Herdzik and Carucci. Dkt. #13, ¶ 7; Dkt. # 13-9. Based on a review of the documents submitted by counsel for the parties with respect to the instant motion, by letter dated July 21, 2006, Argonaut responded to the Olean City Attorney's July 12, 2006 letter. The Court notes that a complete copy of the July 21, 2006 letter is not part of the record before it. Notwithstanding the foregoing and based on other documents submitted in connection with the instant motion, a portion of the July 21, 2006 letter from Argonaut to the Olean City Attorney states,

> I am however curious why you have stated that the conflict is derivative of there being no coverage for Mayor Carucci's alleged intentional, purposeful, malicious conduct, when we have not disclaimed coverage for those allegations, nor reserved any policy defenses we may have in regard to those allegations.

Dkt. #13-10. In an August 11, 2006 letter to Trident, Olean City Attorney, Daniel DeRose, responded to the July 21, 2006 letter wherein he inferred that because the

Underlying Action sued Carucci individually and also asserted that Carucci's conduct was "willful, wanton, … and in disregard of the rights of [Carucci]" and seeks punitive damages against Carucci in the amount of $50,000, that a conflict of interest exists such that Carucci is entitled to retain counsel of his own choosing at Argonaut's expense. Dkt. #13-10. *Id*. In further support of his position, DeRose enclosed copies of what he believed to be relevant New York State caselaw.

Thereafter, by letter dated January 2, 2007, Trident advised DeRose and Carucci that "[u]pon further review, we are withdrawing our reservation of rights letter dated June 21, 2006. Per our policy agreement, we will defend and indemnify both the City of Olean and Mayor David Carucci under the terms and conditions of your policy, number PO-4610360-01, and under the law of the State of New York." Dkt. #13-14.

**Carucci v. Argonaut Insurance Company ("The Instant Action")**

On or about November 27, 2006, Carucci commenced the instant action against Argonaut in New York State Supreme Court, Cattaraugus County seeking a declaratory judgment that "Carucci may select his own counsel in his defense of the Anastasia Lawsuit at the expense of Argonaut, including personal attorney services performed to date …" Dkt. #13-11, p.5. Argonaut removed the action to the United States District Court, Western District of New York on or about December 22, 2006, on the basis of diversity of citizenship and that the amount in controversy exceeded $75,000. On December 28, 2006, Argonaut filed its answer to the complaint (Dkt. #2); Argonaut thereafter filed an amended answer on February 1, 2007 (Dkt. #6). Curiously,

notwithstanding the removal of the action to this Court, on or about January 2, 2007, Carucci filed an amended verified complaint in New York State Supreme Court, Cattaraugus County. Dkt. #10, pp.5-8. Thereafter, on February 16, 2007, Carucci filed a motion for leave to file an amended complaint. Dkt. #10.

> Carucci's motion for leave to file an amended complaint states, in part,
>
> Plaintiff heretofore provided Argonaut's attorney with the proposed Amended Verified Complaint and sought his consent to the amendment. The sole amendment appears at paragraph "19", to wit: '**Plaintiff seeks attorney fees** for his own attorney to include expenses, disbursements and costs **at the trial court level in an amount not to exceed $25,000.00** and his own attorney fees to include expenses, disbursements and costs **at the appellate level,** if necessary, in **an amount not to exceed $15,000.00** ... WHEREFORE, CARUCCI demands judgment against ARGONAUT declaring that CARUCCI may select his own counsel in his defense of the Anastasia Lawsuit at the expense of ARGONAUT, including personal attorney services performed to date, said attorney fees including expenses, disbursements and costs in **a total sum not to exceed $40,000.00,** and for such other and further relief as [sic] to this Court may deem just and proper.'

Dkt. #10, ¶ 9 (emphasis in original). Notably, neither Carucci nor Argonaut have supplied the Court with a copy of the proposed amended complaint to be filed with this Court. The Court was, however, provided with a copy of the amended verified complaint that Carucci filed in New York State Supreme Court, Cattaraugus County after the action had been removed to the United States District Court, Western District of New York. Dkt. #10, pp.5-8. The amended verified complaint filed in New York State Supreme Court, Cattaraugus County reflects additional revisions, including a new paragraph 8, as well as a new paragraph 19 and revisions to the "wherefore" clause.

*Id*.  In support of his motion for leave to file an amended complaint, Carucci argues that Argonaut's representation that the amount in controversy exceeded $75,000 "is nothing less than preposterous."  Dkt. #10, ¶ 8.  Indeed, Carucci further states, "[s]o patently lacking is the statutory monetary requirement, that it my [sic] well be that this Court remands this case *sua sponte*."  *Id*.  In opposition to Carucci's motion for leave to file an amended complaint, Argonaut states, "[t]hough it is our generally [sic] policy to extend all courtesies to opposing counsel, based on the fact that plaintiff's proposed amendment was intended to specifically defeat diversity jurisdiction, your deponent [Argonaut's counsel] felt it prudent to deny such request."  Dkt. #13, ¶ 18.

Argonaut filed its opposition to Carucci's motion for leave to file an amended complaint and also filed a cross-motion for summary judgment.  Dkt. #13.  It is Argonaut's position that plaintiff's proposed amendment to the complaint would be futile insofar as "plaintiff cannot defeat diversity jurisdiction simply by lowering his *ad damnum* clause."  Dkt. #13, ¶ 20.  Moreover, Argonaut asserts the sole purpose of Carucci's motion is in an effort to divest this Court of jurisdiction.  *Id*.  In support of its motion for summary judgment, Argonaut contends that its withdrawal of its reservation of rights in January 2007, together with its specific agreement to defend and indemnify Carucci within the confines of the policy and New York State law in the Underlying Action, "nullifies any alleged conflicts by Attorney DeRose, thereby necessitating a dismissal of this Declaratory Action."  *Id*. at ¶ 15.  In its opposition, Carucci argues that there is an inherent conflict of interest by reason of the fact that the Underlying Action

seeks both compensatory and punitive damages against Carucci. Dkt. #20. Further, Carucci maintains that this inherent conflict of interest exists regardless of whether Argonaut has withdrawn its reservation of rights. *Id*. Finally, Carucci asks that this Court remand this case to state court or in the alternative, deny Argonaut's motion for summary judgment. *Id*.

## DISCUSSION AND ANALYSIS

### Application of New York Law

Where jurisdiction is based on diversity of citizenship of the parties, the Court must apply the substantive law of the forum state. "Federal courts sitting in diversity cases will, of course, apply the substantive law of the forum State on outcome determinative issues." *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994), *citing Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and

must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment,

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**Conflict of Interest**

It is well-settled in New York that it is against public policy to require an insurance company to be liable for punitive damages intended to punish the defendant and not compensate the plaintiff. *Hartford Accident and Indemnity Company v. Village of Hempstead*, 48 N.Y.2d 218 (1979). This prohibition extends to insurance policies issued to governmental agencies, as well as to private insureds. *Id*. Nevertheless, based on the theory that an insurer's duty to defend its insured is broader than its duty to pay, an insurer is obligated to defend its insured where, as here, compensatory and punitive claims are commingled. *Utica Mutual Insurance Co. v. Cherry*, 45 A.D.2d 350 (2d Dept. 1974), *aff'd,* 38 N.Y.2d 735 (1975). Ordinarily, an insurer's duty to defend is coupled with the right to control the defense of the litigation. As a result, in certain situations, a conflict of interest and loyalties may arise and the insured may have the right to obtain counsel of his own choice at the expense of the insurance company. *See Hartford*. However, where, as here, the insurer has withdrawn its reservation of rights, there is no longer a conflict of interest and thus, no need for the insured to retain separate independent counsel. *J.M. Braun Builders, Inc. v. Maryland Cas. Co.*, 152 A.D.2d 963 (4th Dept. 1989), *appeal denied*, 75 N.Y.2d 703 (1990).

As discussed above, Argonaut formally withdrew its reservation of rights by letter dated January 2, 2007. *See* Dkt. #13-14. Additionally, the punitive damages sought by Anastasia in the Underlying Action are negligible in relation to the $250,000 sought in compensatory damages. What is more, Carucci has failed to present

anything other than hypothetical scenarios in an effort to defeat Argonaut's motion for summary judgment. As the Court of Appeals in *Prashker v. U.S. Guarantee Company* stated, "[t]he courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a 'controversy' is dependent upon the happening of future events." 1 N.Y.2d 584, 592 (1956). Carucci has not come forward with any evidence in admissible form to support the conclusion that an actual conflict of interest presently exists. Accordingly, without more, Carucci's bare, conclusory allegations of a hypothetical conflict of interest are woefully insufficient to defeat Argonaut's motion for summary judgment.

## **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that defendant's motion (Dkt. #13), for summary judgment pursuant to Fed.R.Civ.P. 56 be **GRANTED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:  Buffalo, New York
        July 31, 2009

                                        **s/ H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**